IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIANE GASTON,<br><br>        Plaintiff,<br><br>vs.<br><br>CUYAHOGA COUNTY COMMUNITY COLLEGE,<br><br>        Defendants. | CASE NO. 1:25-cv-389<br><br>DISTRICT JUDGE<br>DAVID A. RUIZ<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**ORDER** |

Pro Se Plaintiff Diane Gaston filed a motion for access to electronic filing. Doc. 38. With regard to this request, this Court's Local Rules provide that:

> While parties and pro se litigants may register to receive "read only" electronic filing accounts so that they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically.

LR 5.1(c). Although the Court has discretion to grant electronic filing privileges to a pro se party, this District's preferred policy is to limit electronic filing access to registered attorneys, unless a pro se party presents extenuating circumstances sufficient to justify access to electronic filing. *See* United States District Court Northern District of Ohio Electronic Filing Policies and Procedures Manual, at 1 (February 10, 2020) ("While parties and pro se litigants may register to receive "read only" electronic filing accounts so that

they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically."), *available at* https://www.ohnd.uscourts.gov/sites/ohnd/files/CivilRules_AppendixB.pdf; *see also Johnson v. Working America, Inc.*, No. 12-cv-1505, 2012 WL 5948639, *5 (N.D. Ohio Nov. 1, 2012) ("It is this District's preferred policy … to disallow pro se litigants access to electronic filing unless extenuating circumstances exist to justify waiving these procedures"), *report and recommendation adopted*, 2012 WL 5947607 (N.D. Ohio Nov. 28, 2012).

In her motion, Gaston provides two reasons to support her request: (1) an unspecified local rule that apparently requires amended complaints be filed electronically, and (2) the fact that as of September 18, 2025 she had not received mailing notice of the Court's order directing her to file a redlined and properly enumerated proposed amended complaint. Gaston states that instead she viewed the Court's order via "Pacer Monitor System." Doc. 38. Neither of these reasons represent extenuating circumstances or provide any basis to conclude that Gaston should be granted electronic filing privileges. Further, Gaston has not shown that she has the capability to file documents electronically. She has also not shown that she is aware of or able to abide by

all Court rules, orders, policies, and procedures pertaining to the use of the Court's electronic filing system. The Court thus denies Gaston's motion.[1]

Although the Court is denying Gaston's motion to the extent it requests electronic filing privileges, it construes her motion also as an application for a "read only" account on CM/ECF, which allows litigants to view electronic docket sheets and documents. So construed, the Court grants her "read only" access. To achieve read only access, Gaston must complete the form provided and submit it to the Clerk's office.

IT IS SO ORDERED.

Dated: September 19, 2025

/s/ James E. Grimes Jr.
James E. Grimes Jr.
U.S. Magistrate Judge

---

[1] Gaston may continue to submit filings, including any proposed amended complaint, in paper format.

3